UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOSEPH HAMMOND,

    Petitioner,

v.

                      CASE NO. 2:09-CV-202

MICHAEL SHEETS, WARDEN,      JUDGE MICHAEL H. WATSON

    Respondent.

## OPINION AND ORDER

On October 21, 2010, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. ECF No. 16. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation.* ECF No. 20. For the reasons that follow, Petitioner's objections are **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

Petitioner objects to the Magistrate Judge's recommendation of dismissal of all of his claims on the merits. Petitioner again argues at length that he was denied the effective assistance of counsel at trial and in post conviction proceedings. He additionally contends that the Magistrate Judge improperly concluded that the evidence was constitutionally sufficient to sustain his conviction, particularly because his confession was obtained by coercion. He complains that the state appellate court incorrectly noted that police videotaped his confession when, in fact, police audio-taped his confession, which was later admitted into evidence.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. As detailed by the Magistrate Judge, the Constitution does not guarantee Petitioner the effective assistance of counsel in post conviction proceedings. Therefore, that claim does not warrant federal habeas corpus relief. *Pennsylvania v. Finley*, 481 U.S. 555 (1987); *Jacobs v. Mohr*, 265 F.3d 407, 415 (6th Cir. 2001). Further, the record fails to reflect that Petitioner can meet the requirements set forth in 28 U.S.C. § 2254(e)(2), such that this Court may now consider documents he failed to properly present to the state courts in support of his claim of ineffective assistance of counsel. *See Holland v. Jackson*, 542 U.S. 649, 652 (2004). Finally, this Court agrees that, when viewing all of the evidence in the light most favorable to the prosecution, as it must, *Jackson v. Virginia,* 443 U.S. 307, 319 (1979), the evidence was constitutionally sufficient to sustain his conviction.

Therefore, Petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

IT IS SO ORDERED.

_____
**MICHAEL H. WATSON**
**UNITED STATES DISTRICT JUDGE**